IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**LISA R. BROADNAX,**

    **Plaintiff**

**v.**           **CASE NO:** _____

                                                                  **JURY DEMANDED**

**SHELBY COUNTY GOVERNMENT,**

    **Defendant.**

## COMPLAINT

Comes now Plaintiff, Lisa R. Broadnax, (hereinafter "Broadnax") and sues Defendant Shelby County Government, and would show unto the Court the following:

### I.  INTRODUCTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., to secure declaratory and injunctive relief as well as all damages available to Plaintiff, including those pursuant to the Civil Rights Act of 1991, which amended 42 U.S.C. §2000e, 42 U.S.C. §1981a.

This action is brought against Shelby County Government, and alleges retaliation in violation of Title VII, 42 U.S.C. §2000e for prior protected activities, and hostile work environment.

## II. JURISDICTION

2. Jurisdiction is conferred on this court under the provisions of Title VII, 42 U.S.C. §2000e-5(f)(3), and pursuant to 28 U.S.C. §§1331 and 1343.

3. Venue is appropriate in this district inasmuch as Shelby County Government is subject to personal jurisdiction in this judicial district and these events or omissions giving rise to the claims occurred in this judicial district, pursuant to 28 U.S.C. §1391 (b) and (c).

4. Plaintiff filed a Charge of Discrimination (No. 490-2017-00915) with the Equal Employment Opportunity Commission ("EEOC") on February 1, 2017, on the basis of retaliation. Said charge is attached hereto as Exhibit "A."

5. A Right to Sue Notice for said charge was issued by the U. S. Department of Justice, Civil Rights Division, on November 29, 2011, which was received by Plaintiff on or about December 4, 2017, a copy of which is attached hereto as Exhibit "B."

6. This action is timely filed.

## III. PARTIES

7. Plaintiff is an adult female citizen of the United States, who is a resident of Shelby County, Tennessee.

8. Defendant, Shelby County Government, has its Sheriff's Office located at 201 Poplar Avenue, Memphis, Shelby County, Tennessee, and may be reached with service of process by serving the Shelby County Attorney, Kathryn Pascover, 160

North Main Street, Suite 950, Memphis, Shelby County, Tennessee 38103, and by serving the County Mayor, Mark H. Luttrell, Jr., 160 North Main Street, 11th Floor, Memphis, Shelby County, TN 38103.

### IV. FACTS

9. Lisa R. Broadnax (hereinafter "Broadnax") began working for Shelby County (Sheriff's Department) in June 2000. By 2015, Broadnax was a Sergeant serving in the Shelby County Jail at 201 Poplar Avenue, Memphis, TN.

10. Shelby County Government is an employer as defined by Title VII.

11. Broadnax has engaged in prior protected activities, including internal complaints of sex harassment and discrimination. On January 23, 2015, Broadnax had been sexually assaulted by Officer Velma Ford; Ford grabbed the cheek of Broadnax's left buttock. The assault was offensive and Broadnax was embarrassed and humiliated. She immediately reported the incident to Sergeant T. Connolly. Broadnax was embarrassed. The situation was extremely upsetting to Broadnax. On January 26, 2015, Broadnax reported the incident to chief Inspector K. Fields. Later that day the Unit Manager Lieutenant Benn and Fields requested a memo from Broadnax. Broadnax submitted the requested memo.

12. In her memorandum Broadnax requested a meeting with upper management at the Shelby County Jail. By that time, Chief Fields had reviewed the surveillance footage, which showed that Ford had reached for Broadnax's buttocks. Broadnax's memorandum sets forth her actions in getting help from the Sheriff's Office, and requesting an investigation per county policy. It further memorializes

that Broadnax met with Chief Fields and others regarding the incident. Broadnax was told by Lieutenant Benn that Ford would be written up, and that she (Ford) had admitted the sexual assault.

13. Broadnax received no followup to her concerns. Therefore she contacted Chief Robert Moore in March 2015 and told him what had happened. He told Broadnax the incident had never been reported to him, period. Moore asked Broadnax to give him 48 hours to address the incident. To Broadnax's knowledge, the only results from Moore were that Ford was re-located to Jail East.

14. When the rollover roster for 2016 was issued, Broadnax saw that Ford was returning to the Shelby County Jail at 201 Poplar, where Broadnax was on duty. Broadnax again went to Chief Moore. As a result, Ford was again relocated back to Jail East.

15. The same thing happened in 2017. Ford was again coming back to the Shelby County Jail. This time Broadnax went to Captain D. Harris and Chief A. Harrison, and asked them to not allow Ford back at the Jail Facility; she told them about the sex harassment that had occurred but never been addressed properly, that County policy was zero tolerance yet Ford was still employed.

16. When Broadnax went to Chief Harrison, Harrison showed Broadnax a document written by Chief Fields stating that the incident was "unfounded." The document showed that the incident was closed upon receipts of statements from Ford and Officer A. Taylor. Broadnax objected, and told Harrison that this was news to her, and that she (the victim) had never been notified that this document or the

statements existed, or that her complaint had been closed. Harrison asked Broadnax to give him to January 3, 2016 to look into the matter.

17. On January 14, 2017, Broadnax arrived to duty, and observed that Ford had been reassigned to the Jail Facility Fifth Floor and was present. Broadnax had not been told this reassignment was going to occur. Broadnax became extremely upset and distraught.

18. Shelby County Sheriff's Office has wholly failed to protect Broadnax. It has wholly failed to follow its own sex harassment policies and procedures.

19. By January 2017, it was clear to Broadnax that Ford was going to be working in the same facility as Broadnax. Broadnax by January 2017, was working in a hostile retaliatory work environment. The problems she endured as a result of Ford's presence occurred daily. And the pressures put on Broadnax by management were intended and were entirely retaliatory on account of her protected activities.

20. The persons who allegedly conducted the investigation of Ford's sexual assault were friends of Ford. Broadnax asked that other persons be appointed to do the investigation. But that never happened.

21. By January 2017, the persons who purportedly conducted the investigation were harassing Broadnax. Most of the Lieutenants and their superiors were doing so. Broadnax had no one to turn to.

22. The daily mistreatment of Broadnax was entirely a result of her insistence that Shelby County Government follow its sex harassment policy. Broadnax wanted a safe working environment – and she wanted assurance that

Ford would not be assigned to the Jail Facility. Broadnax wanted a work environment free of retaliation.

23. Broadnax was promised by Chief Harrison that Ford was not allowed to be in Broadnax's area, namely the Fourth Floor of the Shelby County Jail. Yet repeatedly Ford did come onto the Fourth Floor. Broadnax reported her presence on two occasions. Nothing was done about it.

24. Broadnax found herself to be a joke all over the building. Employees were talking behind Broadnax's back. Her supervisors no longer respected her. She was increasingly isolated. She did not get information she should have gotten. There was little communication from her supervisors or from her co-employees. She supervised deputy jailers, who no longer showed her respect. They started refusing to follow her orders, or they challenged her orders. Her supervisors acted like she was not present. They warned each other not to get "close" to Broadnax, she was "going to file charges on you."

25. The effects on Broadnax from the daily harassment are profound. She became emotionally drained. She felt helpless.

26. Broadnax had worked for Shelby County Government for at least 17 years. She had no disciplinary history. She had no attendance issues. Her work performance was exemplary. She was a reliable, conscientious employee.

27. On February 1, 2017, Broadnax went to the Equal Employment Opportunity Commission and filed her charge, No. 490-2017-00915.

28. Thereafter Broadnax tried to keep working, despite the blatant, constant

harassment which was entirely retaliatory on account of her prior protected activities, and it became more severe immediately following the filing of her EEOC charge. Chief Harrison told Broadnax not to pursue the matter that someone was going to sue Broadnax for harassment if she did. Harrison's statements were threatening and intimidating.

29. Plaintiff as a direct result of the retaliation by Shelby County Government and the failure of Shelby County Government to protect Broadnax on account of her protected activities, has suffered profound physical and emotional injuries, including but not limited to:

- ( ) headaches
- ( ) panic attacks and anxiety
- ( ) elevated blood pressure
- ( ) stomach distress (nausea, vomiting, diarrhea)
- ( ) nervousness, shaking and trembling
- ( ) sleeping problems
- ( ) feelings of insecurity, great fear and sense of impending danger
- ( ) rapid heart beat
- ( ) inability to concentrate
- ( ) episodes of crying
- ( ) loss of self esteem
- ( ) depression
- ( ) incurred significant medical and psychological expenses as a result of the actions of Shelby County Government employees and agents.

30. Plaintiff suffered a recurrence of all symptoms previously experienced due to the initial sexual assault/discrimination case. The incidents caused by Shelby County Government's failure to assist Broadnax have resulted in profound

additional injuries, both physical and emotional.

## V. CAUSES OF ACTION

31. Plaintiff repeats and incorporates the allegations in Paragraph 1 through 30 of her Complaint as if fully set forth herein, and for further cause of action states as follows:

32. Plaintiff has stated a claim for retaliation/harassment and hostile environment against Shelby County Government, for violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e et seq.

33. Defendant, through its agents, representatives and employees, intentionally, willfully and knowingly discriminated against Plaintiff in the terms and conditions of her employment based upon retaliation and hostile work environment, in violation of Title VII, on account of her prior protected activities.

34. Plaintiff seeks injunctive relief to remedy the alleged wrongdoings on the basis that she has no adequate or complete remedy at law to redress the discriminatory practices of Defendant.

35. The acts and omissions of Defendant constitute violations of Plaintiff's civil rights in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. §2000, et seq., and have caused Plaintiff substantial damages.

36. Plaintiff is a member of a protected class (female) who engaged in protected activity, including internal complaints of sexual harassment, retaliation and hostile environment, and including the filing of her EEOC charge, opposing unlawful employment practices of the Defendant.

37. Plaintiff has been retaliated against for engaging in said protected activities.

38. As a direct and proximate result of said discrimination/harassment/retaliation, Plaintiff suffered harm, including loss of income and benefits damage to her career, humiliation, embarrassment and severe emotional distress, in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. §2000, et seq, and as amended.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following relief:

1  Judgment against Defendant for loss of wages, past, present, and future (including front pay) in the amount of $1,500,000.00; and for compensatory damages in the amount of $1,500,000.00, and all other relief, legal and equitable, as may be appropriate.

2. Injunctive relief, prohibiting Defendant from further violations of Title VII, including any action of retaliation.

3. Jury demanded.

Respectfully submitted,

KATHLEEN CALDWELL, PLLC

*s/Kathleen L. Caldwell, #9916*
2670 Union Avenue Ext., Suite 110
Memphis, TN 38112
Telephone:  (901) 458-4035
Facsimile:  (901) 458-4037
*Attorney for Plaintiff*